## Case No. 12,172.

### In re RUTH.

[1 N. B. R. 154; [1] 7 Am. Law Reg. (N. S.) 157; 6 Int. Rev. Rec. 166; Bankr. Reg. Supp. 33; 6 Phila. 438; 24 Leg. Int. 356; 15 Pittsb. Leg. J. 62.]

District Court, E. D. Pennsylvania. Oct. 26, 1867.

BANKRUPTCY — EXEMPTIONS — UNDER UNITED STATES STATUTE—UNDER STATE STATUTE.

1. Under the present bankrupt law of the United States, and the state exemption laws incorporated with it by its provisions, the exemption of such property, real or personal, of the appraised value of $300, as a bankrupt in Pennsylvania may elect to retain as exempt under the laws of the state, is not included in, but is additional to, the exemption from the operation of the bankrupt law of such necessary and suitable articles, not exceeding in value $500, as with due reference, in their amount, to the bankrupt's family condition and circumstances, may be designated and set apart by the assignee, subject to the court's revision.

[Cited in Re Davis, Case No. 3,621.]

2. But this exception, to the full value of $500, ought not to be allowed in all cases, without discrimination, or measure.

The 14th section of the bankrupt law of March 2d, 1867 (14 Stat. 522, 523), excepts from the operation of the assignment of a bankrupt's estate, his necessary household and kitchen furniture, and such of his other articles and necessaries, not exceeding in value, in any case, $500, as shall be designated and set apart by the assignee, having reference in the amount, to the bankrupt's family condition and circumstances; also his wearing apparel, and that of his wife and children, and his uniform, arms, and equipments, if he is, or has been a soldier in the militia, or in the service of the United States, and such other property as is, or shall be, exempt from attachment or execution by the laws of the United States, and such other property not included in the foregoing exceptions, as is exempted by the laws of the state in which he is domiciled, to an amount not exceeding that allowed by such state exemption laws in force in the year 1864. And it is enacted that the determination of the assignee in the matter shall, on exception taken, be subject to the final decision of the court.

The act of congress of May 19, 1828, § 3 (4 Stat. 281), had provided that the proceedings upon executions in the courts of the United States should be the same as were then used in the courts of each state; and had empowered the courts of the United States, by rules of practice, to make such proceedings conformable to any changes thereafter adopted by the legislation of the respective states. Through this act, and subsequent rules of practice adopted as authorized by it, the practice in the federal and state courts, in 1864, was, in general, the same as to the exemption of the property of debtors. The laws of some of the states ex-

[1] [Reprinted from 1 N. B. R. 154, by permission.]

empted personal property to an amount exceeding in value $500; and the laws of several states exempted real property to various greater amounts, extending in certain states even to the value of $5,000, if not beyond it. By the laws of other states, exemption was limited to subjects of the value in the whole, of less than $500. The laws of Pennsylvania exempted all wearing apparel of the debtor and his family, and all bibles and school-books in use in the family, and as to the debts contracted since 4th of July, 1849, exempted such other property, real or personal, as he might elect to retain, to the value of $300, to be ascertained upon his request, by the valuation of sworn appraisers summoned by the officer levying the execution. The debtor was allowed to elect to retain to this amount, out of any bank notes, money, stocks, judgments, or other indebtedness to him. According to one of the forms which the judges of the supreme court of the United States have prescribed, under the authority conferred upon them by the 10th section of the bankrupt law, a debtor petitioning for adjudication and relief in bankruptcy must set forth under a distinct head of one of the schedules annexed to his petition, a particular statement of the property claimed as excepted by the provisions of the 14th section of the act from the operation of his future assignment; giving each item and its valuation, and, if any portion is real estate, giving its location, description, and present use. The statement is to be thus made in two divisions, one of them containing the property claimed to be excepted, which may be set apart by the assignee under the 14th section of the act, and the other containing the property claimed to be exempted by state laws. One of the general orders (general order 19) of the supreme court requires the assignee, immediately upon entering upon his duties, to prepare a complete inventory of all the property that comes into his possession, and to make report to the court, within twenty days after receiving the deed of assignment of the articles set off to the bankrupt by him, according to the provisions of the 14th section of the act, with the estimated value of each article; and allows to creditors twenty days from the filing of such report for taking exceptions to the determination of the assignee. There is a form appended (form No. 20) of the schedule of property thus designated and set apart by the assignees to be retained by the bankrupt, requiring specification of it under five heads, namely, Necessary household and kitchen furniture; other articles and necessaries; wearing apparel of bankrupt and his family; equipments, if any, as a soldier; other property exempted by the laws of the United States; property exempted by state laws.

In this case, the bankrupt [David Ruth] had exhibited, in the proper schedule annexed to his petition, and under the proper head, a statement, in the two divisions prescribed, of

personal property to the value of $500, claimed by him as excepted, which might be set apart by the assignee, and other personal property to the value of $291.75, claimed as exempt by the laws of the state. The assignee set apart for the bankrupt's use personal property to the appraised value of $500, and no more, composed of items included in each of the two divisions of the bankrupt's claim of exceptions and exemption, annexed, as above, to his petition. According to the assignee's inventory, and the estimate of the appraisers, the whole value of the remaining personal estate was $259.55. The real estate was appraised at $2,000. "The bankrupt demands of the assignee that the additional three hundred dollars' worth of property exempted by the laws of Pennsylvania shall be set apart to him." This the register certifies; adding that "the opinion of the court is required for the guidance of the assignee." The bankrupt thus demands, in effect, an exemption to the value, in the whole, of $800.

It was objected that an exemption to this amount should not be allowed in any case. In support of the objection, it was said, in this case and in another one somewhat similar, that the legislation of the United States having assumed $500 in value, and the legislation of the state having assumed $300 in value, to be the greatest proper amount of exemption, a result of the two legislations combined which would extend the exemption to $800, cannot have been intended, because it would be absurd. It was therefore argued that the exemption of $500 under the act of congress must be understood as including that of $300 under the laws of the state, except as to bibles and school-books, which alone were within the proper meaning of the phrase "other property" in the act of congress. Although a debtor might, under the law of the state, elect that real property of the appraised value of $300 should be exempt, yet, when he did so, he made it, according to this argument, a part of the $500 in value exempted. At all events it was contended that the twofold or cumulative exemption could only be allowable in a case in which the subjects of the two divisions were so different that those of the one kind could not be included in those of the other, and consequently, that it should not be allowed in the present case, where the whole exemption was, under both divisions, claimed from personal estate of the same general character.

It was answered that the assumed intention to limit the exemption to $500 in value was not rightly attributable to congress, and that the contrary became apparent on recurrence to the above mentioned exemption laws of some other states, which the act of congress had, in effect, incorporated with its provisions, these laws admitting exemptions to amounts vastly greater than $500; and that even if this had been otherwise, the exemp-

tion of $300 under the Pennsylvania laws could not be included in that of $500 under the act of congress, because the subjects were different. The difference asserted was that the subjects of exemption under the state laws were, except as to their valuation, determined absolutely by the debtor's own arbitrary election, whereas, under the act of congress, the subjects of exemption were determinable by a designation which the assignee was to make, upon relative considerations of suitableness, depending upon the debtor's family and condition in life, and his former circumstances, and that this determination was afterwards judicially revisable. It was contended that the subjects were therefore different, and, according to the relative sense of the words "other property" in the act of congress, were independent of, and consequently additional to, one another. According to this argument, besides wearing apparel, bibles, school-books, uniforms, arms, and equipments, and property to the appraised value of $300, arbitrarily designated by the bankrupt himself, the assignee is, with due reference to the bankrupt's family condition and circumstances, to designate such additional property as may not, in these respects, be unsuitable, which cannot exceed, but may reach $500 in value; and thus the whole may amount, in a proper case, to $800, in addition to the wearing apparel and other specifically designated articles. As to the special considerations which ought, under the act of congress, to determine the designation by the assignee, or to determine its extension to such a maximum, nothing was said on either side.

CADWALADER, District Judge. If the exemption laws of all the states had resembled those of Pennsylvania, there would have been great apparent force in the argument against allowing the twofold exemption under the state laws and the act of congress to extend in any case, in the whole, beyond the value of $500. There would, however, have been difficulty in accommodating the argument to the words of the act of congress. Whether this difficulty could have been overcome, it is unnecessary to consider, because, upon recurrence to the exemption laws of other states which are, in effect, incorporated with the act of congress, the argument loses all force, or all applicability. The act of congress must therefore be interpreted with reference to the other motives of legislation.

Proceedings in bankruptcy, where it is involuntary, resemble, in many respects, a general execution for the equal benefit of the creditors. Where bankruptcy is voluntary, the resemblance does not in all respects fail. It is foreign to the purpose of proceedings under such a bankruptcy, that they should operate upon property otherwise exempt from execution, unless it is thus exempt under defective previous laws, which the bankrupt law is, in this respect, intended to improve.

Under the present bankrupt law no such change was intended. On the contrary, the previous uniform system, under state laws of exemption, in the federal and state courts is continued, as it had been established under the act of congress of 1828, and under subsequent rules of the federal courts authorized by this act. In this respect, the bankrupt law merely provides that the state exemption laws, thus previously adopted, shall still apply, so as to exclude their subjects from the operation of the proceedings in bankruptcy. The law further enacts, in effect, that there may, in proper cases, be an additional exemption to be graduated with reference to the number, health, &c., of the bankrupt's family, to his condition in life, socially and otherwise, and to his former and recent, if not present, circumstances. Confusion of the views of the present question has arisen from hastily assuming that it is a question of the absolute unmeasured allowance of an additional exemption to the value of $500. The allowance is conditional, and is measured with reference not merely to value, but also to subjects, and their suitableness to personal requirements. The subjects must be necessaries and other articles which, in character, as well as in amount and value, are suitable to his family condition and circumstances. There may be cases, few perhaps in number, in which, though he may own property of a value considerably exceeding $300, it would sanction a fraud upon his creditors to allow him any part of the excess beyond it, except the specifically designated articles. For example, in a possible case, a debtor who never had owned property to the value of $300 beyond the amount of his debts, might become a bankrupt for the very purpose of depriving creditors of recourse to assets in excess of this value. Such an attempt should never be successful. In ordinary cases, the property excepted should not, however, be of less value than $200, in addition to the subjects of the state exemption laws to the value of $300, and the specifically designated articles. In special cases, the property additionally excepted may be of greater value; and, in some extraordinary cases, may be of the full value of $500, making the whole value, including $300 under the state laws, amount to $800, in addition to that of the wearing apparel and other specifically designated articles.

In the act of congress the articles newly excepted are mentioned first, and those previously exempted by state laws are mentioned lastly. The more natural order of considering the two subjects in Pennsylvania, if not elsewhere, is, perhaps, to invert this arrangement. Thus, the assignee should first consider what exemption is claimed under the laws of the state. As to the subjects of this claim of exemption, his only function is to see to their proper appraisement. In seeing to it, he should proceed as comformably to the laws of the state as may be possible.

These subjects of exemption, and the specifically designated articles, having been set apart, a more responsible duty is afterwards to be performed by him in designating the additional articles excepted under the act of congress.

In the present case, I infer that if the bankrupt is not to obtain a further exemption than has been allowed, neither he nor any other party objects to the selection of the articles which he has received. He was mistaken in demanding the additional amount as of absolute right, independently of consideration relative to his family condition and circumstances. On the other hand, the assignee was also mistaken if he supposed the act of congress to preclude him absolutely, under all circumstances, from allowing an exemption beyond the value of $500 in the whole. Whether this bankrupt ought to have received more than has been allowed I have no certain means of deciding from what is now before me. This must be determined by the assignee, whose report, if the bankrupt persists in his claim, will be made hereafter through the register.